JACKSON L. and JENNIFER E. RING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ring v. Commissioner
Docket No. 9583-84.
United States Tax Court
T.C. Memo 1987-127; 1987 Tax Ct. Memo LEXIS 122; 53 T.C.M. (CCH) 321; T.C.M. (RIA) 87127; March 10, 1987. Jackson L. Ring, for the petitioners. Kristine A. Roth, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: By notice of deficiency dated December 2, 1983, respondent determined a deficiency in petitioners' self-employment tax for the calendar year 1981 in the amount of $441. The issue for decision is whether petitioner Jackson L. Ring [1] is entitled to an exemption from self-employment tax under section 1402(e) or section 1402(g). [2]
*124 The facts have been stipulated and are so found. The stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. At the time the petition in this case was filed, petitioner resided in Ibadan, Nigeria, West Africa. Petitioner filed a timely income tax return for the year in issue on which he reported his occupation as "missionary trainee." During that year, he worked as a missionary trainee and minister of the gospel in the United States and received money from a number of sources including Shield of Faith, Inc., of Bend, Oregon. Petitioner began his work as a minister in 1980. From 1977 through 1980, petitioner was a self-employed contractor. He has never paid self-employment tax on income earned either as a minister or as a contractor. A letter was sent to petitioner by the Internal Revenue Service on May 24, 1983, requesting information concerning petitioner's self-employment income in order to determine whether petitioner was subject to self-employment tax. Petitioner returned this letter to the Internal Revenue Service with handwritten responses to the request for information dated August 19, 1983. Petitioner claims, however, *125 that he received no notice of any proposed adjustment to self-employment tax for 1981 until he received the notice of deficiency which was dated December 2, 1983. On March 30, 1984, petitioner wrote to the Internal Revenue Service to request an application for exemption from self-employment tax. On the same date, petitioner filed the petition herein. In his petition, petitioner states that his failure to pay self-employment tax was due to religious convictions and requests this Court to delay decision until he obtained an exemption. Any application filed by petitioner subsequent to the date the petition herein was filed, however, would not be timely with respect to the taxable year in issue. Section 1401(a) imposes self-employment tax on the self-employment income of every individual. Under section 1402(e), however, an individual who is a minister, member of a religious order, or Christian Science practitioner may be exempted from the payment of self-employment tax if such individual opposes the acceptance of public insurance either conscientiously or because of religious principles. Sec. 1402(e)(1). Under section 1402(e)(2) (now section 1402(e)(3)), an application must be *126 filed on or before the due date of the tax return for the second year in which the taxpayer has $400 or more of self-employment income from the performance of exempted services. [3], affg. a Memorandum Opinion of this Court. Petitioner has worked continuously as a minister since 1980, but he has never filed an application for exemption pursuant to section 1402(e). He first requested information pertaining to an exemption on March 30, 1984. Even if such a request were to be construed as an application for exemption, such application would not be timely under section 1402(e)(2) for the year in issue. Therefore, petitioner is not entitled to claim an exemption for taxable year 1981 under section 1402(e). *127 Petitioner contends, alternatively, that he is entitled to exemption under section 1402(g) which provides that an individual may apply for exemption if he is conscientiously opposed to the acceptance of private or public insurance. Sec. 1402(g)(1). An application for exemption under section 1402(g) must be filed in the first year in which the taxpayer has self-employment income or within three months after notification by the Secretary that the taxpayer is eligible and has failed to apply. [4]. Petitioner has had self-employment income since 1977, but has never filed an application for exemption under this section. Even if petitioner's request for information concerning an application for exemption on March 30, 1984, were to be considered an application, such application would not be timely with reference to the taxable year 1981. *128 Based on the foregoing, Decision will be entered for the respondent.
Footnotes
1. Jennifer E. Ring is a petitioner in this case solely by reason of having filed a joint return with petitioner Jackson L. Ring for the year in issue. All references to petitioner refer to Jackson L. Ring. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year here in issue.↩
3. Section 1402(e)(2) provides: (2) Time for filing application. -- Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967.↩
4. Section 1402(g)(2) provides: (2) Time for filing application. -- For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely.↩